THE FARMERS' MUTUAL FIRE INSURANCE ASSOCIATION OF FLOR-
ENCE CO. v. BUNCH.

CORPORATION—INSURANCE COMPANY.—The policy of insurance sued on was dated
January 1st, 1894, and the act incorporating the plaintiff was approved
December 18, 1894. Case remanded to the Circuit Court, with leave to
plaintiff to apply to that Court for leave to amend its complaint as it may
be advised.

Before BUCHANAN, J., Florence.    Reversed.

Action by the Farmers' Mutual Fire Insurance Associa-
tion of Florence County against Thomas S. Bunch. The
facts are fully stated in the opinion. Judgment for plaintiff.
Defendant appeals.

April 16, 1896. The opinion of the Court was delivered by
MR. JUSTICE JONES. This is an action commenced Jan-
uary 1st, 1896, by the plaintiff corporation, to enforce an
alleged lien for $3.50 against the real and personal property
of the defendant, to pay his *pro rata* portion of the losses
and expenses of the plaintiff corporation. The rights of
the parties are based upon the act incorporating the plain-
tiff, and a contract of insurance between them, under which
the plaintiff claims the lien aforesaid. The defendant,
while admitting the facts stated in the complaint, resisted
upon the ground that he was the head of a family residing
in the State; that the property described in the complaint
was all he owned, and was worth less than the homestead
exemption allowed under the law, and was exempt from
sale as against the claim of plaintiff. By written consent
of the parties, the case was heard by his Honor, Judge
Buchanan, at chambers, on the facts stated in the complaint
and answer, and he made decree adjudging that plaintiff
had the lien claimed, and ordered a sale of the defendant's
property, or so much thereof as may be necessary to satisfy
said claim and costs. The defendant appeals, alleging sev-
eral exceptions, making substantially the question that

plaintiff has no lien on his property superior to his right of homestead therein, and that it was error to order the same sold. It appears from the record that defendant became a member of the plaintiff corporation, and made with it the contract of insurance relied on by plaintiff, on the *1st day of January, 1894*, whereas the act incorporating the plaintiff corporation was approved *December 18th, 1894.* This being so, it is manifest that the decree below must be reversed.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, with leave to plaintiff to apply to the Circuit Court for leave to amend its complaint as it may be advised.